IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

REGINALD FEREBEE,

Plaintiff,

v. Civil Action No. 4:25-cv-00070

CLASSIC WILLIAMSBURG LLC

Defendant.

**SCHEDULING AND PRETRIAL ORDER**

The following shall govern the progress of this action in addition to the provisions of the Federal Rules of Civil Procedure as modified and/or enlarged upon by the Local Rules for this Court. This Order shall control if any conflict is perceived between it and either the Federal or Local Rules. This Order shall supersede all prior Scheduling and Pretrial Orders that have been entered in this matter.

**Trial Date**

1. A 3-day **Jury Trial** is scheduled to commence at **9:30 a.m.** on **Monday, July 27, 2026, at the United States Courthouse, 2400 West Avenue, Newport News, VA 23607.**

**Answer and Joinder**

2. Any party that has not filed an Answer shall do so within eleven (11) calendar days from the date of this Order. Filing an Answer shall not waive any previously filed motions or properly presented objections to jurisdiction or service of process.

3. Any motions for joinder of additional parties shall be filed within fifteen (15) calendar days after entry of this Order.

4. Any motions to amend pleadings shall be filed in accordance with Fed. R. Civ. P. 15(a). Any such motions filed that do not comply with Rule 15(a) will be entertained only when justice so requires.

**Motions Challenging Pleadings and Leave to Amend**

5. If a party has filed or hereafter files a motion to dismiss a pleading pursuant to Rules 12(b)(l)-(3) or 12(b)(6), a motion for judgment on the pleadings pursuant to Rule 12(h)(2)(B), a motion for a more definite statement pursuant to Rule 12(e), or a motion to strike pursuant to Rule 12(f), consistent with Rule 15(a)(l), the party/parties whose pleading is challenged by the motion shall have twenty-one (21) days from service of the motion or seven (7) days from the issuance of this Order, whichever is later, in which to file an amended pleading.

6. If the nonmovant(s) files an amended pleading within the period prescribed in Paragraph 5, the Court shall as a matter of course deny the motion challenging the original pleading with leave to refile the motion based on the amended pleading. The party/parties whose pleading is challenged by the refiled motion shall not have leave to file a second or subsequent amended pleading without filing a separate motion for leave to amend, which shall be granted only upon satisfaction of Rule 16(b)(4) and Rule 15. See *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008) (requiring parties moving for leave to amend outside of the deadlines prescribed in a scheduling order to satisfy the good cause requirement of Rule 16(b)(4) and the requirements of Rule 15).

7. If the nonmovant(s) does not file an amended pleading within the period prescribed in Paragraph 5, the Court will resolve the moving party's relevant motion based on the

original pleading, with leave to amend the original pleading granted only upon satisfaction of the requirements of Rule 16(b)(4) and Rule 15.

**Rule 26 Disclosures**

8. Not later than Monday, March 30, 2026, each party shall identify all persons it expects to call as expert witnesses in its case-in-chief at trial in support of any complaint, counterclaim, cross-claim, or third-party complaint, and shall serve all other parties with a copy of a written report complying with the requirements of Fed. R. Civ. P. 26(a)(2)(B) and (C) for each such expert witness. Rule 26(a)(2)(B) shall not be deemed to include the opinion(s) of treating professionals and the terms of this Order shall supersede any conflicting provisions of Rule 26.

9. Not later than Tuesday, April 28, 2026, each defending party shall identify all persons it expects to call as expert witnesses in opposition to any complaint, counterclaim, cross-claim, or third-party complaint, and shall serve all other parties with a copy of a written report complying with the requirements of Fed. R. Civ. P. 26(a)(2)(B) and (C) for each such expert witness.

10. Not later than Wednesday, May 13, 2026, each party shall identify all persons expected to be called as expert witnesses solely to contradict or rebut any witness identified pursuant to Paragraph 9 and shall serve all other parties with a copy of a written report complying with the requirements of Fed. R. Civ. P. 26(a)(2)(B) and (C) for each such expert witness.

11. The parties are advised that they may rely upon the testimony of only one expert per discipline, except by order of the Court.

12. Any motions challenging expert testimony based upon *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and its progeny shall be filed not later than

Thursday, May 28, 2026. Any response to such a motion shall be filed not later than ten (10) calendar days after the filing of the motion and any reply shall be filed not later than three (3) calendar days thereafter.

**Discovery**

13. If the parties have not yet held a conference as prescribed by Rule 26(f), the parties must do so within five (5) days of the entry of this Order to develop a plan for discovery. With respect to electronic discovery, the parties' plan should include (1) a determination of what electronic discovery will be sought by any party regarding any issues; (2) what electronic retention and retrieval systems are in use by the responding party; (3) whether agreement can be reached as to the need for preservation of relevant electronic data with a prescribed disclosure method and schedule; (4) whether agreement can be reached addressing any privilege issues, including non-waiver and clawback provisions; (5) whether there is a need for the designation by each party of an individual to act as a liaison for the party as to all electronic discovery; and, (6) the possible need for periodic case management conferences to address any new issues and to ensure compliance with whatever has been agreed upon or ordered by the Court. If the parties are unable to agree on a plan of discovery, they must submit proposed plans within fifteen (15) days of the date of this Order.

14. All discovery, including the required time period for response to any discovery demand(s), must be concluded not later than Monday, May 18, 2026, except by order of the Court.

15. Counsel are expected to resolve discovery disputes without filing motions or involving the Court. Should a dispute arise, consistent with Local Rule 37(E), counsel must confer in good faith to resolve the dispute. "Good faith" means that the parties have spoken, preferably in person, and engaged in one-on-one discussions, not that the parties have

merely exchanged correspondence. If, after good faith effort, counsel are unable to resolve a dispute and need the Court to intervene, the Court prefers that the parties file a joint motion not exceeding twenty (20) pages in length setting forth (1) the posture of the case, (2) the nature of the discovery dispute, (3) the efforts made by the parties to resolve the dispute, (4) the position of each party regarding the dispute, (5) whether a hearing is necessary to address the issue, and (6) a certification under Local Rule 37(E) signed by counsel for each party that they have met and conferred in good faith to resolve the dispute before involving the Court. The Court prefers that the parties file a joint motion, so that the dispute can be addressed in an expedited manner. If, however, the parties believe that a joint pleading is not feasible, the parties may file separate pleadings under the following terms: the motion to compel (or motion for protective order) with a memorandum incorporated therein and any response with a memorandum incorporated therein may not exceed seven (7) pages in length and any reply may not exceed three (3) pages. Moreover, unless resolution of the dispute under the deadlines set forth in Local Rule 7(F)(1) can occur before the deadline for the completion of discovery, the pleadings must be filed pursuant to an agreed briefing schedule that provides sufficient time for the Court to rule on the motion before the deadline for the completion of discovery as set forth in Paragraph 14.

16. Counsel are reminded that discovery disputes requiring judicial intervention are strongly disfavored and that the Court will consider imposing sanctions pursuant to Fed. R. Civ. P. 37 and Local Rule 37 against any party not acting in good faith to resolve a dispute before involving the Court.

17. No discovery materials shall be filed with the Clerk except by order of the Court.

18. If a party objects to the production of documents on the grounds of attorney-client privilege, attorney work-product doctrine, or any other protection, the objecting party must provide the requesting party with an inventory list of the documents to which objection is made (i.e., a privilege log), together with a brief description of the document, including the date, the author, identity of each recipient including their job titles at the pertinent time, and the claimed basis for its protection, all of which shall be sufficient to permit the opposing party to assess the claim of privilege or protection. Unless otherwise ordered by the Court, the claim of privilege or protection shall be waived unless the privilege log is served with the objections to the request for production in the time required by the Local Rules or by a deadline established by an order of the Court. If a discovery dispute arises concerning a raised privilege or the adequacy of the privilege log, the objecting party shall provide a copy of the privilege log to the Court.

19. If any party anticipates difficulty meeting the deadline for asserting discovery objections or serving the opposing party with a privilege log, the Court instructs the party to move for an extension of time at the earliest reasonable opportunity, preferably before objections or privilege logs become due. Such motion will be granted for good cause shown. If any party is shown to have unnecessarily delayed in seeking such an extension of time, the Court will strictly enforce the deadlines established by the Local Rules.

**Dispositive Motions**

20. All dispositive motions shall be filed not later than Thursday, May 28, 2026. This deadline shall not change, except by order of the Court. Counsel must submit two (2) courtesy copies of all motions and one (1) copy of all exhibits to Chambers if together the motions and exhibits exceed thirty (30) pages in length. Counsel are reminded of the requirements of

Local Rule 56(B), which are specifically incorporated herein regarding motions for summary judgment.

**Non-Dispositive Motions**

21. All non-dispositive motions, including all motions *in limine* (excluding *Daubert* motions, *see* ¶ 12, *supra*) shall be filed not later than Friday, June 26, 2026. The brief in opposition to such non-dispositive motions shall be filed Friday, July 3, 2026. The reply brief in support of such non-dispositive motions, if any, shall be filed Wednesday, July 8, 2026. The parties are referred to the requirements of Local Rule 7(E), which are incorporated herein by reference.

**Oral Argument**

22. Consistent with Local Rule 7(J), the Court will decide all motions on the papers unless the Court orders oral argument on its own initiative or on written request by the parties. Any request for oral argument should be included as a separate section in the memorandum, response or reply and should address why oral argument will materially aid in the decisional process.

23. The Court will not enforce the provisions of Local Rule 7(E) to the extent that it requires a movant to schedule a hearing within thirty (30) days after filing a motion.

**Proposed Witnesses**

24. Each plaintiff shall file a list of proposed witnesses not later than Wednesday, June 17, 2026, and each defendant shall designate its witnesses not later than Friday, June 26, 2026. Plaintiff(s) shall file a list of any rebuttal witnesses not later than six (6) calendar days after defendant designates its witnesses. Failure to comply with the provisions of this paragraph shall result in preclusion of a witness's testimony at trial, absent exceptional circumstances.

**Discovery To Be Used as Evidence**

25. Each plaintiff shall file a designation not later than Wednesday, June 17, 2026 specifically identifying any discovery material that is intended to be offered into evidence and each defendant shall do likewise not later than Friday, June 26, 2026. Any designation must identify the specific item of discovery intended to be offered into evidence by exhibit number, title of the document and the specific page and sentence of the relevant information, along with a statement of relevance and basis for admission. Any objection to the introduction of any discovery material shall be filed not later than Thursday, July 2, 2026 or the objection will be deemed waived. This paragraph does not apply to discovery materials that will be used at trial solely for cross-examination and/or for impeachment purposes.

**Jury Trial**

26. If this matter is to be tried by a jury, counsel for all parties shall jointly file electronically any requested jury instructions, including all requested standard instructions, not later than Friday, July 17, 2026. The submission of proposed jury instructions shall include each requested jury instruction (regardless whether agreed or objected to) fully set forth on a separate page with a citation in support of the instruction set forth at the bottom of the requested instruction. The submission shall be organized as follows. First, the parties shall tender the agreed set of instructions (to be labeled "J-1," "J-2," etc.), including any special interrogatory verdict form. Second, the parties shall tender any of Plaintiff's proposed instructions (to be labeled "P-1," P-2," etc.) to which Defendant objects. Third, the parties shall tender any of Defendant's proposed instructions (to be labeled "D-1," "D-2," etc.) to

which Plaintiff objects. Counsel shall also provide a copy of the requested jury instructions in WORD format via e-mail to Chambers.

27. Not more than three (3) calendar days after the filing of the requested jury instructions, the objecting party shall submit its memorandum in opposition to any jury instructions requested by the other side that are not agreed upon. The objecting party shall set forth the nature of the dispute, any authority on the issue and any alternative instruction.

28. Not more than four (4) calendar days after the filing of the requested jury instructions, the party proposing any requested instructions that are not agreed upon may submit a memorandum in support of the requested instructions.

***Voir Dire***

29. Any proposed jury *voir dire* to be requested by any party shall be filed not later than Monday, July 20, 2026. Parties are encouraged to submit an instruction that succinctly summarizes the position of each party for use by the Court during *voir dire*.

**Bench Trial**

30. If this matter is to be tried without a jury, the parties shall file proposed findings of fact and conclusions of law not later than Monday, July 13, 2026. The proposed findings of fact and conclusions of law shall be in numbered paragraphs. Conclusions of law shall cite authority. Counsel shall also provide a copy of the proposed findings of fact and conclusions of law in WORD format via e-mail to Chambers.

**Written Stipulations**

31. Not later than Wednesday, June 17, 2026, counsel for each party shall meet and confer in a good faith effort to enter into written stipulations of uncontroverted facts. Written

stipulations shall be signed by each counsel and filed with the Clerk not later than Friday, June 26, 2026.

**Proposed Exhibits**

32. Each plaintiff shall file a list of proposed exhibits not later than Wednesday, June 17, 2026 and shall provide a copy of all proposed exhibits to all parties. Each defendant shall file a list of proposed exhibits and shall provide a copy of same to every party not later than Friday, June 26, 2026. The plaintiff shall file a list of any rebuttal exhibits not later than Thursday, July 2, 2026. Any objection to any exhibit shall be noted by a motion that includes the subject exhibit(s) filed not later than Tuesday, July 7, 2026. Any exhibit to which no objection is made shall be admitted without further action. Any exhibit not listed and timely filed will not be admitted at trial unless used solely for impeachment or rebuttal purposes.

33. All exhibits will be presented by available electronic means at trial, with counsel to contact the courtroom deputy clerk before trial if counsel is not sufficiently familiar with the courtroom electronic system to effectuate presentation at trial. In anticipation of trial, each party shall ensure that three (3) sets of pre-marked, indexed copies of that party's exhibits are submitted in binders to the Clerk at least three (3) days before trial begins for use by the courtroom deputy clerk during trial proceedings and the jury during its deliberations. Each party shall also ensure that one (1) electronic copy of that party's exhibits is submitted to the Clerk.

## Deadlines

34. Unless otherwise specified, any deadline established herein shall be governed by Rule 6. For purposes of Fed. R. Civ. P. 6(d), all electronically filed documents shall be deemed electronically served regardless of additional service by any other means.

## Settlement

35. The parties shall notify the Court of any settlement, either in whole or in part, as soon as practicable but not later than 12:00 p.m. on the nearest business day following the date of settlement. Counsel shall submit a stipulation of dismissal not later than eleven (11) calendar days after filing the notice of settlement, unless otherwise ordered by the Court. If such stipulation is not timely filed, the Court will dismiss this action with prejudice as to all parties involved in the settlement.

36. Pursuant to Local Civil Rule 83.6, counsel for the parties are DIRECTED to contact Magistrate Judge Miller at (757) 222-7012, within ten (10) days of entry of this Order to schedule a settlement conference before a United States Magistrate Judge. The settlement conference shall be held at least seventy-five (75) days before trial.

## Final Pretrial Conference

37. A Final Pretrial Conference will be held on **Tuesday, July 21, 2026** at **10:00 a.m.**, at the Walter E. Hoffman United States Courthouse, 600 Granby St., Norfolk, VA 23510. Not later than seven (7) days before the Final Pretrial Conference, the parties shall jointly submit a proposed Final Pretrial Order to the Court, endorsed by counsel and setting forth all resolved and disputed matters related to trial evidentiary issues. The proposed Final Pretrial Order shall be broken down by the following sections: (1) Stipulated Facts; (2) Legal and Evidentiary Stipulations (including jurisdiction and venue); (3) List of Proposed

Witnesses by Each Party; (4) Exhibits (including identification of those exhibits to which there is no objection); (5) Factual Contentions as set forth by each party; and (6) Triable Issues as set forth by each party.

**Pretrial Briefs**

38. The parties may file pretrial bench briefs on material issues expected to arise at trial; indeed, the Court encourages such practice. Pretrial briefs, however, may not serve as a substitute for motions *in limine*, because pretrial briefs do not seek a remedy. Instead, pretrial briefs serve as a vehicle for counsel to educate the Court about a potential trial issue. If counsel elects to file a pretrial brief, it must be filed not later than Wednesday, July 22, 2026.

**Courtroom Technology**

39. All exhibits will be presented by available electronic means during trial. The courtroom is equipped with a document viewer that displays evidence on monitors located on counsel tables, on the bench and in the jury box. The parties may also use personal laptop computers to aid in the presentation of evidence. The Court does not provide laptops. The Court advises the parties to visit the following webpage for more information on the Court's technological capabilities: https://www.vaed.uscourts.gov/evidence-presentation-system.

40. Any party wishing to use courtroom technology during a proceeding should submit a Request to Use the Court's Evidence Presentation System form and confer with the undersigned's courtroom deputy at least ten (10) days before the proceeding. The Court expects all parties using courtroom technology to conduct a test run before any proceeding.

41. Any party wishing to bring personal electronic devices, such as laptops, to a proceeding should submit a Request for Authorization form to the undersigned's law clerks at least

three (3) days before the proceeding. While in the courthouse, all devices should be turned off (not in silent or vibrate modes) unless in use for court-related matters.

**Attorneys' Fees**

42. Any motion for an award of attorneys' fees will be addressed after trial pursuant to Rule 54 and Local Rule 54 (if fees are treated as costs by statute or rule). Such motions shall be governed by applicable statutory and decisional law and must be accompanied by a brief. A party moving for attorneys' fees must submit an affidavit or declaration itemizing time spent on the case, describing the work done and the hourly rate of the person billing the case. In addition, a movant must submit an affidavit or declaration from an expert establishing the reasonableness of the fees.

**Communications with Chambers**

43. *Ex parte* communications with chambers are strongly discouraged and should be limited to scheduling questions and other clerical matters. All other requests and communications should be made via filings on the public docket.

The Clerk is directed to send a copy of this Order to all counsel of record and to any party not represented by counsel.

It is so ORDERED.

/s/
Elizabeth W. Hanes
United States District Judge

Norfolk, Virginia
Date: December 22, 2025